# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CCBCC, INC.,**
**Employer Below, Petitioner**

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0153** (BOR Appeal No. 2052250)
                    (Claim No. 2014032272)

**KENDAL T. CREPPEL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner CCBCC, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kendal T. Creppel, by Stephen P. New and Stacey L. Fragile, his attorneys, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on June 16, 2014. The Office of Judges reversed the decision in its September 22, 2017, Order and held the claim compensable for carpal and cubital tunnel syndromes. The Order was affirmed by the Board of Review on January 31, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Creppel, a warehouse worker, alleges that he developed carpal tunnel and cubital tunnel syndrome as a result of his job duties. An April 30, 2014, treatment note by Florencio Neri, M.D., indicates Mr. Creppel reported bilateral hand pain. Dr. Neri noted that there was no injury and that occupationally related wrist motions may be a factor. He diagnosed carpal tunnel syndrome.

Mr. Creppel completed an employee's and physician's report of injury on May 1, 2014, He alleged that his duties as a warehouse man, specifically repetitive lifting, caused him to develop bilateral carpal tunnel syndrome. The physician's section lists the diagnosis as carpal

1

tunnel syndrome, and it was indicated that the condition was occupationally related. It was signed by an employee of Dr. Neri's office.

In a telephone deposition on May 2, 2014, Mr. Creppel stated that he started working for the employer in October of 2004 at the Coca-Cola Bottling Plant in Bluefield, WV. His job duties included building bulk and loading trucks. He had to lift cases of soda and load it onto a pallet. He also drove a forklift which required him to operate a small steering wheel and bothered his hands. Mr. Creppel stated that he has pain and numbness in his hands as well as knots on both wrists. The symptoms began five to six months ago. He denied any prior wrist problems.

On May 28, 2014, Dr. Neri noted that Mr. Creppel's condition had worsened and was presently causing moderate symptoms. He noted that aggravating factors included heavy lifting. Mr. Creppel was to continue using splints and an EMG/NCS was ordered. The EMG/NCS revealed mild bilateral median neuropathy at the wrists and mild bilateral ulnar neuropathy at the elbows. Mr. Creppel returned to Dr. Neri on January 9, 2015, and Dr. Neri noted that his symptoms had been progressively worsening. Aggravating factors included heavy lifting, and Mr. Creppel was experiencing symptoms several times a day.

Mr. Creppel saw orthopedic surgeon, Robert Kropac, M.D., on January 14, 2015. Dr. Kropac stated that Mr. Creppel reported numbness and tingling in both hands for over a year. His work required heavy lifting, pulling, and pushing. Dr. Kropac noted that the EMG/NCS showed bilateral carpal and cubital tunnel syndromes. Dr. Kropac diagnosed mild bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome. He recommended the use of braces. On June 2, 2015, Dr. Kropac noted that Mr. Creppel's symptoms had worsened upon his return to work. His main complaint was numbness and tingling caused by heavy lifting, pulling, and gripping. He also reported being awakened at night by his symptoms, dropping things, and having difficulty with fine motor skills.

On June 18, 2015, Mr. Creppel was treated by Syed Ahmad, M.D., whose treatment note indicates Mr. Creppel reported several problems including lupus, neck pain, back pain, numbness of the hands and feet, and diagnoses of carpal and cubital tunnel syndrome. Dr. Ahmad recommended wrist splints and elbow pads and stated that Mr. Creppel should consider injections.

Dr. Kropac testified in a deposition on April 13, 2016. He stated that he had been treating Mr. Creppel since 2002 or 2003. Mr. Creppel had mild carpal and cubital tunnel syndromes, though the carpal tunnel syndrome produced the most symptoms. Surgery was not recommended at that time. Dr. Kropac opined that the cubital and carpal tunnel syndromes are likely caused by his work duties including heavy lifting, pushing, and pulling.

The claims administrator rejected the claim on June 16, 2014. The Office of Judges reversed the decision on September 22, 2017, and held the claim compensable for bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome. It found that though no closing arguments were submitted, the employer submitted two articles on the possible link between lupus and carpal tunnel syndrome. The Office of Judges found that there were two opinions of

record, the report of injury and Dr. Kropac's opinion, that state that Mr. Creppel's carpal and cubital tunnel syndromes are the result of his work activities. Though the signature on the report of injury is illegible, it was signed by an employee of Dr. Neri's office. Further, and more significant, Dr. Kropac's deposition indicated that he is a board certified orthopedic surgeon who has treated Mr. Creppel since 2002 or 2003. The Office of Judges found that he therefore had a longtime professional relationship with Mr. Creppel and was familiar with his work activities. Dr. Kropac testified that, to a reasonable degree of medical certainty, Mr. Creppel's carpal and cubital tunnel syndromes are occupationally related. The Office of Judges further noted that though the employer introduced two articles discussing the relationship between lupus and carpal tunnel syndrome, Dr. Kropac was not asked about his opinion regarding the causal link between the two. Further, no medical professional of record discussed the possible connection between the conditions. In fact, there is no medical opinion of record directly disagreeing with the opinions of Drs. Neri and Kropac that Mr. Creppel's carpal and cubital tunnel syndrome are the result of his work duties. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 31, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of review. The evidence indicates that Mr. Creppel's job duties include repetitive heavy lifting, pushing, and pulling. An EMG/NCS showed both carpal and cubital tunnel syndromes, and Drs. Neri and Kropac opined that the conditions were occupationally related. A preponderance of the evidence supports the Board of Review's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker